**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ALIPIA LLONTOY, Individually and on Behalf of All Others Similarly Situated,**<br><br>                          **Plaintiff,**<br><br>-against-<br><br><br>**MARTINEZ CLEANING CO. INC., JORGE MARTINEZ and ELVA MARTINEZ, Jointly and Severally,**<br><br>                  **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Alipia Llontoy ("Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.　　Plaintiff is a former cleaning employee for Defendants' janitorial and custodial services company, who regularly worked over 40 hours each week.  For her work, Plaintiff was paid an hourly wage which did not always compensate her with at least minimum wage for all hours worked and was not provided overtime premium pay for hours worked over 40 each week.

2.      In addition, Defendants failed to provide Plaintiff with an annual wage notice or wage statements with her weekly wage payments.

3.      Plaintiff brings this action to recover unpaid minimum wages and overtime premiums owed to her pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiff also bring claims for failure to provide wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

4.      Plaintiff bring her FLSA claims on behalf of herself and all other similarly situated employees who worked for Defendants and her NYLL claim on behalf of herself and a Federal Rule of Civil Procedure 23 class of all cleaning employees working for Defendants in New York.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8.     Plaintiff Alipia Llontoy ("Llontoy") has been, at all relevant times, an adult individual residing in Queens County, New York.

9.     Throughout the relevant time period, Plaintiff performed work for Defendants in various locations throughout Kings and Queens Counties.

10.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and her written consent form is attached hereto and incorporated by reference.

**Defendants:**

11.     Martinez Cleaning Co. Inc. is an active New York Corporation doing business as "Martinez Cleaning Company" ("Martinez Cleaning" or the "Corporate Defendant") with its principal place of business at 8811 31st Avenue, East Elmhurst, New York 11369.

12.     Upon information and belief, Jorge Martinez ("J. Martinez") is an owner and operator of the Corporate Defendant, who sets the Corporate Defendant's payroll policies including the unlawful practices complained of herein.

13.     Upon information and belief, Elva Martinez ("E. Martinez" and, together with J. Martinez, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant, who sets the Corporate Defendant's payroll policies including the unlawful practices complained of herein

14.     At all relevant times, each of the Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff

and each of the Collective Action members within the meaning of the FLSA, 29 U.S.C. § 203(d).

16.     At all relevant times, Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

17.     Upon information and belief, at all relevant times, each of the Defendants have had gross revenues in excess of $500,000.00

18.     All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her First and Second Causes of Action as a collective action under the FLSA on behalf of herself and the following collective:

> All persons employed by Defendants at any time since December 18, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as cleaning employees (the "Collective Action Members").

20.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay at least minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally required minimum wages and overtime premium payments.

21.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## NEW YORK CLASS ACTION ALLEGATIONS

22.     Pursuant to the NYLL, Plaintiff brings her Second through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class:

4

> All individuals employed by Defendants in New York at any time since December 18, 2011 and throughout the entry of judgment in this case (the "Class Period") who worked as cleaning employees (the "Class Members").

23.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

24.     The Class Members are so numerous that joinder of all members is impracticable. Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

25.     Upon information and belief, there are well in excess of forty (40) Class Members.

26.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a.     whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.     whether Defendants failed and/or refused to pay Plaintiff and the Class Members not less minimum wage for each hour worked each week;

c.     whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;

d.     whether Defendants failed to provide Plaintiff and the Class Members with a proper wage notice at the beginning of their employment and/or on February 1 of each year, as required by the NYLL;

e. whether Defendants failed to provide Plaintiff and the Class Members with a proper wage statement with their wages, as required by the NYLL;

f. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

27. The answers to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiff on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

28. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was an employee of Defendants who worked for Defendants pursuant to their corporate policies. The Plaintiff, like all Class Members, was, *inter alia*, was not paid minimum wages for all hours worked each week, was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not provided with wage notices on the date she was hired or on February 1 of each subsequent year, and was not provided with a wage statement with each wage payment. If Defendants are liable to the Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

29. The Plaintiff and her Counsel will fairly and adequately represent the Class. There are no conflicts between the Plaintiff and the Class Members, and the Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover her own damages.

30. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

31.     <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

32.     Defendants are sophisticated parties with substantial resources. Plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Cleaning Company**

33.     At all relevant times, Defendants have been in the janitorial and custodial service business.

34.     According to "About Us" section of the Martinez Cleaning website, "Martinez Cleaning Company is a family owned and operated janitorial and custodial service, celebrating our 40th year of operations. Now in our second generation of ownership, Martinez offers our clients a professional grade service – with a family touch. Our owner/operators are on call 24-7 to meet your cleaning needs – and our trained staff assures you the best possible outcomes for your building." (http://www.martinezcleaning.com/?page_id=2).

35.     Martinez Cleaning's website further provides that Defendant J. Martinez started Martinez Cleaning in 1975 and that Martinez Cleaning is both a minority and woman-owned business, referring to Defendant E. Martinez. (http://www.martinezcleaning.com/?page_id=22).

36.     Defendants provide cleaning services twenty-four (24) hours per day, seven (7) days per week.

37.     Upon information and belief, Defendants contracted with various companies

throughout the greater New York City area to provide cleaning and janitorial services.

38.     Upon information and belief, Defendants applied the same employment policies, practices and procedures, including the unlawful policies complained of herein, to all cleaning employees employed by Martinez Cleaning throughout the relevant time period.

**Plaintiff's Work for Defendants**

39.     **Plaintiff Llontoy** worked for Martinez Cleaning as a cleaning employee from in or around January 2005 through in or around May 2017 (the "Llontoy Employment Period").

40.     Throughout the Llontoy Employment Period, Llontoy was assigned to perform cleaning duties for various clients of Defendants in Queens and Brooklyn. During the relevant time period (i.e. the 6 years prior to the filing of this complaint), Llontoy was primarily assigned to work at the CPA 86th Group Home in Brooklyn ("CPA Home") and the Christ Lutheran School in Queens.

41.     Throughout the relevant time period, Llontoy typically worked seven (7) days per week at the CPA Home, from approximately 8:00 am through approximately 2:00 pm and five (5) days per week at Christ Lutheran, from approximately 6:00 pm through approximately 11:00 pm, for a total of approximately sixty-seven (67) hours per week.

42.      In or around 2015, Defendants' cleaning contract with Christ Lutheran School ended such that Llontoy continued working only at the CPA Home five (5) days per week, for a total of approximately thirty (30) hours per week.

43.     In order to be paid each week, Plaintiff was required to send weekly her time sheet from each client to Defendants' main office.

44.     For her work at the CPA Home, from in or around 2007 through in or around December 2016, Llontoy was paid approximately $10.00 per hour. Thereafter, from in or around

January 2017 through the end of the Llontoy Employment Period, Llontoy was paid approximately $11.00 per hour for her work at the CPA Home. From in or around 2009 through 2015, Llontoy was paid approximately $8.00 per hour for her work at the Christ Lutheran School.

45.     While Llontoy would typically work in excess of forty (40) hours in a week, she was not paid any overtime premium pay for hours worked in excess of forty (40) in a week.

46.     During 2015, when Plaintiff was being paid $8.00 per hour for her work at Christ Lutheran School, Plaintiff was not paid at least minimum wage for all hours worked each week.

47.     Llontoy was never provided with a wage notice on her date of hire and/or on or before February 1 of each year.

48.     Llontoy was not provided with a proper wage statement with her weekly wage payments.

**Defendants' Unlawful Corporate Policies**

49.     Plaintiff and Defendants' other cleaning employees were paid by the same corporate policies of Defendants, including failing to pay minimum wages and overtime premiums, and failing to provide wage notices and proper wage statements.

50.     Upon information and belief, Defendants' cleaning employees were typically assigned to multiple clients each week, such that they were typically required to work more than forty (40) hours each week, however, Defendants paid them separately for each client at their straight-time hourly rate(s).

51.     Upon information and belief, Defendants did not total the hours worked by their cleaning employees each week across all clients for purposes of calculating their overtime hours worked for the week.

52.     Despite the fact that Plaintiff and Defendants' other cleaning employees typically

worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) times their regular hourly rate.

53.     Defendants required all cleaning employees to provide their weekly timesheets from each client where they worked in order to be paid.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

54.     Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 206 and 215 (a)(2).

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT-UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

58.     Plaintiff, on behalf of herself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

60.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Class Members)**

62.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

64.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

65.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

67.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

## FIFTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES</u>
### (Brought on Behalf of Plaintiff and the Class Members)

68.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

70.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Class Members)

71.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other gross wages, hourly rate of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

73.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.,* liquidated damages as provided for by the NYLL, reasonable attorneys' fees, cost, pre-judgment and post-judgement interest, and injunctive and declaratory relief.

### PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members;

b.  Certification of Plaintiffs' NYLL claims as a Fed. R. Civ. P. 23 class action and appointing Plaintiff and her counsel to represent the Class Members;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h.  An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

i.  An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

j.  An award of prejudgment and post-judgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       December 18, 2017

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative
FLSA Collective and Class*

16

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Martinez Cleaning Co. Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío.  Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


_____
Firma

_____
Nombre Escrito